NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ISABELLA TANIKUMI,**<br><br>Plaintiff,<br><br>v.<br><br>**THE WALT DISNEY COMPANY,** *et al.*,<br><br>Defendants. | Civ. No. 14-5877<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.

On February 19, 2015, this Court granted Defendants' motion to dismiss, which was seemingly unopposed. Plaintiff *pro se* promptly presented the Court with a February 6, 2015 stipulation that had given Plaintiff more time to file an opposition. According to Plaintiff, Defendants had represented that they would present the stipulation to the Court, but the stipulation was not filed before the hearing date, and judgment was entered in Defendants' favor without considering any opposing arguments.

On March 18, 2015, Plaintiff filed what would have been her opposition to Defendants' motion to dismiss. The Court will treat the opposition as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

1

>previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The remedy provided under Rule 60(b) is "extraordinary, and [only] special circumstances may justify granting relief under it." *Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir. 1987). In fact, relief under Rule 60(b) is available only under such circumstances that the "overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987). Rule 60(b) is not a substitute for an appeal, and legal error, without more, does not warrant relief under this rule. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).

The circumstances here are special to the extent that Plaintiff should have legitimately had the opportunity to have been heard. Therefore, the Court considers her arguments. Nevertheless, her motion is denied because her arguments against dismissal are not persuasive. Therefore, relief from judgment is not justified.

Plaintiff argues that the issue of substantial similarity between her book and the movie *Frozen* is one for a jury to determine. Not so. A court may decide substantial similarity as a matter of law on a motion to dismiss. *See Winstead v. Jackson*, 509 F. App'x 139, 143 (3d Cir. 2013). *See also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because what is required is only a visual comparison of the works."). The Court has thoroughly examined Tanikumi's work and Disney's movie. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); *see also Winstead*, 509 F. App'x at 143 ("[W]here the works in question have been submitted by the parties and are authentic, it is proper for the District Court to consider the similarity between those works in connection with a motion to dismiss."). A district court may determine noninfringement as a matter of law either "because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work" or because "no reasonable jury, properly

instructed, could find that the two works are substantially similar." *Allen v. Scholastic, Inc.*, 739 F. Supp. 2d 642, 655 (S.D.N.Y. 2011).

Second, Plaintiff argues that there are hundreds of similarities between her book and the movie *Frozen*. She lists the similarities extensively. Nevertheless, the similarities are merely thematic: a childhood injury caused by an older sister, shame and concealment of a quality that makes the protagonist different from other people, a mountain location, an intense sisterly bond, an untrue lover, and a resolution in which the female protagonist comes into her own without the help of a man. But the way in which the two works express these themes is entirely different. Copyright law protects expression, not ideas themselves. *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005). *See also Winstead v. Jackson*, No. CIV.A.10-5783 SRC, 2011 WL 4407450, at *2 (D.N.J. Sept. 20, 2011) *aff'd,* 509 F. App'x 139 (3d Cir. 2013) ("[G]eneral plot ideas and themes lie in the public domain and are not protected by copyright law.").

Copyright law does not protect Tanikumi's themes, and the way that *Frozen* expresses the common themes is entirely too different for any lay person to see improper appropriation. *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005) (noting that the test of what constitutes an "improper appropriation" is "the response of the ordinary lay person" to the two works). It was therefore appropriate to dismiss the case at the motion to dismiss phase.

For these reasons, Plaintiff's Motion to Vacate Judgment is denied. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 1, 2015**